## WAGER *vs.* PECK.

If a paper supposed to constitute a part of the bill of exceptions is not incorporated in the body of the bill as signed by the Judge, it must appear by means of identification contained in the bill that it was made a part of it by the Judge who settled the bill of exceptions.

Under the act of 1869, to regulate the practice in charging juries, the requests complied wtih or refused do not constitute an integral part of the record to be returned on writ of error independently of any bill of exceptions. The statute does not change the form or office of a bill of exceptions or the mode of reviewing instructions.

Error to St. Joseph Circuit.

*Opinion by* GRAVES, J.—On inspecting the record it is clear that the assignments of error are all based upon supposed exceptions to refusals to charge as requested and to the charges given, while the return to the writ of error affords no ground for the objection.

The supposed bill of exceptions neither shows the requests supposed to have been made or the charge which the Court gave, or sets forth any exceptions, or states that either party prayed instructions. Nor does it suggest that any other was made a part of it. It is true that there are two papers in the return, which seem to have been made as requests on each side, and the word "refused" is written against those for the plaintiff, and the word "given" on one for the defendant. But those papers and marks have no other authorization than such as they derive from the circumstance that they are bound up in the returns to the writ. If a paper supposed to constitute a part of the bill of exceptions is not incorporated in the body of the bill as signed by the Judge, it must appear by means of identification contained in the bill that it was made a part of it by the Judge who settled the bill of exceptions. The papers in question cannot be considered as forming part of the bill of exceptions.

*Held*, That under the act of 1869, to regulate the practice in charging juries, the requests complied with or refused do not constitute an integral part of the record to be returned on writ of error independently of any bill of exceptions. The statute does not change the form or office of a bill of exceptions or the mode of reviewing instructions. Its purpose is to keep separate the functions of Judge and jury, to induce a reasonable measure of distinctness in charging, to perpetuate in permanent form the rulings of the Judge and to render more easy and certain the settlement of bills of exceptions.

*Held*, That under the circumstances of the case, it not being clear that any good would be done, the Court will not allow the record to be withdrawn, for the purpose of amendment, and the judgment is affirmed with costs.